POLEN, J.
Devon A. Marshall (the “Defendant”) appeals the trial court’s denial of his motion for post-conviction relief. We reverse and remand for further proceedings.
A jury convicted the Defendant of aggravated battery and battery on his girlfriend. He appealed his conviction and sentence, but this court affirmed. Marshall v. State, 916 So.2d 806 (Fla. 4th DCA 2005). The Defendant then filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 claiming that he was denied effective assistance of trial counsel based upon counsel’s alleged failure to interview and depose crime-scene witnesses. The trial court denied the motion following an evidentiary hearing without making any factual findings or legal conclusions.
The rule governing motions for post-conviction relief provides that, “If an evi- *1246 dentiary hearing is required, the court shall grant a prompt hearing thereon and shall cause notice thereof to be served on the state attorney, determine the issues, and make findings of fact and conclusions of law with respect thereto.” Fla.R.Crim. P. 3.850(d) (emphasis added).
It is impossible for this court to determine on appeal whether the trial court’s ruling is based on competent substantial evidence without the benefit of the court’s findings. We therefore remand this cause to the trial court for its entry of an order containing factual findings and legal conclusions as required by Rule 3.850(d). See Dillbeck v. State, 882 So.2d 969 (Fla.2004).

Reversed and Remanded with Instructions.

STONE, J., concurs.
GROSS, J., dissents with opinion.